IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AZRIEL MORGAN,** | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:24-CV-00954-O |
| | § | |
| **PAYCOM PAYROLL, LLC.,** | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**I. Parties**

1.01. Plaintiff AZRIEL MORGAN ("Morgan") is an individual who resides in Dallas County, Texas.

1.02. PAYCOM PAYROLL, LLC., ("Paycom") is a domestic corporation formed in and under the laws of the state of Texas; who has been served with process and filed an answer in this cause.

**II. Jurisdiction**

2.01. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331, as the action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.

**III. Venue**

3.01. Venue is proper in the Northern District of Texas, Fort Worth Division, pursuant to

28 U.S.C. § 1391(c ) as Paycom is subject to personal jurisdiction in the Fort Worth Division of the Northern District of Texas.

### IV.  Factual Background

4.01.  Morgan began working for Paycom in September, 2022, in the tax registration department.

4.02.  Morgan was promoted to a tax amendments position in July, 2023.

4.03.  In October, 2023, Morgan requested to be returned to the tax registration department, but her request was denied.

4.04.  In December of 2023, Morgan had to be taken to he emergency room by her supervisor due to a medical emergency.  Morgan returned to work and continued to work until February 21, 2024.

4.05.  On February 22, 2024, Morgan had to take leave under FMLA due to a heart condition.

4.06.  Morgan was on leave under FMLA until March 31, 2024 and returned to work on April 1, 2024.

4.07.  On April 1, 2024, Morgan was given computer training videos to review.

4.08.  On April 2, 2024, Morgan worked editing tickets until approximately 3:00 pm, when she was called into the office.

4.09.  On April 2, 2024, Morgan was informed she was being terminated for failing to meet expectations.

4.10.  Morgan was terminated because of her perceived disability and in retaliation for

taking leave under the Family Medical Leave Act.

### V. Exhaustion of Administrative Procedures

5.01.   Morgan has timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Paycom. Morgan received a Notice of Right to Sue from the EEOC within 90 days of the filing of this Complaint. A true and correct copy of the Notice of Right to Sue and charge of discrimination are attached collectively as Exhibit "A" and incorporated herein.

### VI. FMLA

6.01.   Paycom is an employer within the meaning of the FMLA.

6.02.   Morgan had alerted Paycom that she would require leave from her employment under the provisions of the FMLA.

6.03.   Two (2) days after returning to work after her FMLA leave, Paycom terminated Morgan.

6.04.   Paycom terminated Morgan based on her need to take leave from her job for reasons authorized by the FMLA.

### VII. ADA

7.01.   Morgan's heart condition substantially interfered or gave the appearance that it substantially interfered with one or more of her major life activities.

7.02.   Morgan was qualified for and could perform the essential functions of her job at the time of her termination.

7.03.   Paycom terminated Morgan because of her heart condition which Paycom perceived

as a disability.

## VIII. Damages

8.01. Morgan has suffered the following injuries as a direct and proximate result of Paycom's conduct:

a. loss of past wages;

b. loss of future wages;

c. loss of benefits; and

d. emotional distress and mental anguish in the form of insomnia and depression.

## IX. Attorney Fees

9.01. Morgan is entitled to an award for attorney fees and costs under the FMLA, and ADA.

## X. Demand for Jury

10.01. Morgan requests a trial by jury for all issues so triable.

## XI. Prayer

11.01. PREMISES CONSIDERED, Plaintiff respectfully requests judgments against Defendant for:

a. Back pay in an amount in excess of the jurisdictional limits;

b. Front pay in an amount in excess of the jurisdictional limits;

c. Compensatory damages for mental anguish, emotional distress, inconvenience, past pecuniary losses and loss of enjoyment of life;

d. Compensation for lost benefits;

e. Punitive damages due to Defendant's intentional conduct;

    f.  Attorney's fees incurred herein and in any proceeding before the Unites States Court of Appeals for the Fifth Circuit and the United States Supreme Court;

    g.  Costs of court;

    h.  Pre-judgment and post-judgment interest on the above amounts;

    i.  All other legal and equitable relief to which Plaintiff may show herself justly entitled.

                                                   Respectfully submitted,
                                                   **Law Offices of Christian Jenkins, P.C.**

                                                   /s/ Christian Jenkins
                                                 Christian Jenkins
                                                 State Bar No.: 10625500
                                                 Old Town Office Plaza
                                                 1307-B W. Abram Street, Suite 100
                                                 Arlington, Texas   76013
                                                 jenkins5@aol.com
                                                 817.461.4222
                                                 817.461.5199 – Facsimile
                                                 Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

       I hereby certify that on October 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jamie B Ashton
Ogletree, Deakins, Nash, Smoak & Sstewart, PC
8117 Preston Rd, Ste. 500
Dallas, TX 75225
jamie.ashton@ogletree.com
214-987-3800
214-987-3927 - facsimile

                                                 /s/ Christian Jenkins
                                                 Christian Jenkins

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/17/2024

**To:** Azriel Morgan
12708 Skeeter Drive
FRISCO, TX 75036
Charge No: 450-2024-08297

| EEOC Representative and email: | JUAN MUNOZ<br>Intake Supervisor<br>juan.munoz@eeoc.gov |
|---|---|

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2024-08297.

On behalf of the Commission,

for         Travis Nicholson
            District Director

**Cc:**
Toni J Ellington
Paycom - Legal Department
7501 W MEMORIAL RD
Oklahoma City, OK 73142

Incident Location
Paycom Payroll LLC
3489 TX 121
Grapevine, TX 76051

W. Christian Jenkins Esq.
Law Office of Christian Jenkins
1307A W Abram Street Suite 200
Arlington, TX 76013


Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2024-08297 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2024-08297 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>**TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION**<br>*State or local Agency, if any*<br>**and EEOC** | [X] FEPA<br>[X] EEOC | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Ms. Azriel Morgan | | | HOME TELEPHONE (Include Area Code)<br>972-922-6899 |
|---|---|---|---|
| STREET ADDRESS<br>12708 Skeeter Drive | | CITY, STATE AND ZIP CODE<br>Frisco, TX 75050  75036 | DATE OF BIRTH<br>01-02-1997 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME<br>Paycom Payroll LLC | NUMBER OF EMPLOYEES, MEMBERS<br>200 + | TELEPHONE (Include Area Code):<br>800-580-4505 |
|---|---|---|
| STREET ADDRESS<br>3489 Texas 121 | CITY, STATE AND ZIP CODE<br>Grapevine, TX 76051 | COUNTY<br>Tarrant |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE (Include Area Code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es) | | | | | DATE DISCRIMINATION TOOK PLACE   04-02-2024 | |
|---|---|---|---|---|---|---|
| | | | | | EARLIEST (ADEA/EPA) | LATEST (ALL) |
| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN | | |
| [X] RETALIATION | | [ ] AGE | [X] DISABILITY | [ ] OTHER | [ ] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)

**I.   PERSONAL HARM:**

On April 2, 2024, I was terminated from my employment because of my disability Cardiac Artery Disease, and in retaliation for taking leave under FMLA. I was terminated 2 days after I returned from FMLA leave.

**II.   RESPONDENT'S REASON FOR ADVERSE ACTION:**

Verbally I was told I was terminated for performance, but TWC was told I was terminated for stealing time.

**III.   DISCRIMINATION STATEMENT:**

I believe I have been discriminated against because of my disability Cardiac Artery Disease and in retaliation for taking leave under FMLA, in violation of Americans with Disability Act, the Family Medical Leave Act, and the Texas Labor Code, and the Texas Commission on Human Rights Act.

| [X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet state and local requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>X _____<br>SIGNATURE OF COMPLAINANT                              DATE |
| Date ~~9/6/24~~  Charging Party: *Azriel Morgan* | SUBSCRIBED AND SWORN TO ME BEFORE THIS DATE<br>*(Month, day and year)* |

EEOC Form 5 modified